UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 7/29/96**

---

ROBERT LEE MILLER, JR.,

    Plaintiff-Appellant,

v.

LARRY JONES and
RAY C. ELLIOTT,

    Defendants-Appellees.

No. 96-6077
(D.C. No. CIV-95-1840-W)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Robert Lee Miller, Jr., appearing pro se, filed this 42 U.S.C. § 1983 action, alleging he was being unconstitutionally confined in the Oklahoma County jail. Miller

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appeals the district court's dismissal of the action. We affirm.

Miller was convicted of two counts of first degree murder, two counts of first degree rape, two counts of first degree burglary, and one count of attempted first degree burglary in May 1988, and was sentenced to two death sentences and cumulative prison sentences of 725 years. On February 24, 1995, the Oklahoma Court of Criminal Appeals granted a joint application filed by the prosecution and the defense to reverse the convictions based upon newly discovered evidence obtained through DNA testing, and the case was remanded to the state district court for new trial.

While awaiting the new trial, Miller filed this action, naming as defendants the District Court of Oklahoma County, the State of Oklahoma, the Assistant District Attorney for Oklahoma County, and a Special District Judge for Oklahoma County. Miller alleged his right to speedy trial and his due process rights had been violated and stated he "would like to have the case dismissed against [him], and to be granted [his] freedom once again, also any other remedies [he] might be entitled to under the law." R I Doc. 2 at 5. Defendants moved to dismiss and the magistrate judge issued written findings and recommended dismissal. The magistrate noted that a petition for writ of habeas corpus, rather than a § 1983 action, was the appropriate method for seeking relief from illegal confinement, and that Miller must first exhaust his state court remedies before seeking habeas relief in federal court. The magistrate further found Miller would not be entitled to any monetary relief until such time as it was determined he had been unconstitutionally confined. The magistrate also found the defendant assistant district attorney was entitled to prosecutorial immunity from § 1983 claims and the defendant special judge was entitled to absolute immunity from such claims. The district court

2

adopted the magistrate's findings and dismissed the action.

Having reviewed the entire record, we fully agree with the findings of the district court.  To the extent Miller challenged the constitutionality of his confinement, he must exhaust his state court remedies and then pursue relief in a petition for writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  Insofar as the suit seeks recovery of monetary damages against the named defendants, it is properly characterized as a § 1983 suit.  However, in Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994), the Supreme Court held that in order to recover damages for allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove the conviction or imprisonment had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  Because Miller has failed to make any of these showings, his claim for monetary damages must be dismissed.  Finally, both of the individual defendants named are immune from suit under § 1983.  See Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (state district judges are absolutely immune from liability in civil rights suits seeking monetary damages for actions taken in their judicial capacities); DiCesare v. Stuart, 12 F. 3d 973, 977 (10th Cir. 1993) (prosecutor enjoys absolute immunity for actions taken during judicial proceedings).

AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge